IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TOMMY WONG,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>BRIGHAM YOUNG UNIVERSITY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S RULE 56(f) REQUEST FOR CONTINUANCE OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br><br>Case No. 2:09-CV-957 TS |

This matter is before the Court on Plaintiff's Rule 56(f) Request for Continuance of Defendant's Motion for Summary Judgment. Plaintiff requests until July 30, 2010, the discovery deadline in this case, to respond to Defendant's Motion for Summary Judgment. Plaintiff argues that further discovery is vital to Plaintiff's opposition to that Motion. For the reasons discussed below, the Court will grant Plaintiff's Motion.

## I. BACKGROUND

Plaintiff brings this action against his former employer. Plaintiff brings claims for disparate treatment under Title VII, violations of the Utah Antidiscrimination Act, wrongful discharge, and termination of an at-will employee in violation of public policy.

Defendant timely answered Plaintiff's Complaint and the Court established a Scheduling Order. Under the Scheduling Order, fact discovery was to be completed by July 30, 2010, and a dispositive motion deadline was set for October 29, 2010.[1]

Defendant filed its Motion for Summary Judgment on May 5, 2010.[2] In its Motion, Defendant argues that "(a) the majority of Mr. Wong's claims are time-barred, and (b) those claims which are not time-barred must fail as a matter of law because Mr. Wong has not alleged facts sufficient to support a discrimination claim under Title VII or the Utah Antidiscrimination Act. Even if he had raised an actionable claim, BYU cannot be liable to Mr. Wong because BYU provided an antiharassment policy, trained Mr. Wong on the complaint procedure under that policy, and Mr. Wong unreasonably failed to take advantage of that policy."[3]

Plaintiff responded to Defendant's Motion for Summary Judgment with the instant Motion. Plaintiff argues that he is in need of further discovery relating to his disparate treatment claim. Specifically, Plaintiff seeks discovery on a number of issues, including: (1) employee use of Defendant's vehicles for personal errands off-campus; (2) employees scheduling and working

---

[1] Docket No. 8.

[2] Docket No. 12.

[3] *Id*. at 1-2.

2

private side jobs while on Defendant's time; (3) employee use of Defendant's tools and materials for private side jobs; (4) employee rest/meal breaks and time clock issues related to tardiness, leaving work early, and/or absenteeism; (5) employee personal use of Defendant's computers; (6) employee job description requirements and scope of employment duties and responsibilities; and (7) employee disciplinary policies of Defendant as applied to Plaintiff versus Caucasian employees.[4]

Defendant opposes Plaintiff's Motion. Defendant argues that is Motion for Summary Judgment depends solely on the resolution of legal issues, that Plaintiff has not adequately explained his discovery needs, and that Plaintiff has failed to serve written discovery requests as stated in his Motion.

## II. DISCUSSION

Fed. R. Civ. P. 56(f) states that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."[5] "A party seeking to defer a ruling on summary judgment under Rule 56(f) must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'"[6] A party may

---

[4]Docket No. 15, at 2.

[5] Fed. R. Civ. P. 56(f)

[6]*Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)) (alteration in original).

not invoke Rule 56(f) "by simply stating that discovery is incomplete but must 'state with specificity how the additional material will rebut the summary judgment motion.'"[7]

The Court finds that Plaintiff's Motion meets these requirements. Plaintiff's Complaint states a claim for disparate treatment under Title VII. It is this claim, primarily, upon which Plaintiff seeks discovery. "To make out a prima facie case of discrimination, [Plaintiff] must demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees."[8]

Defendant argues that Plaintiff has not adequately explained his discovery needs. The Court disagrees. Plaintiff's Motion clearly identifies a number of discovery issues which are directly related to disparate treatment among similarly situated employees. Plaintiff's Motion does more than simply rely on the fact that discovery is incomplete. The Motion specifically identifies areas of discovery which will be useful in opposing Defendant's Motion for Summary Judgment and those individuals from whom Plaintiff seeks this discovery.

The Court further disagrees with Defendant's statement that its Motion for Summary Judgment depends solely on the resolution of legal issues. While it is true that Defendant's Motion does address some purely legal issues, it also attacks Plaintiff's claims on the merits.[9] As set forth above, Plaintiff has identified a number of discovery areas which will help address Defendant's argument in relation to the merits of his disparate treatment claim.

---

[7]*Id*. at 1308-09 (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).

[8]*Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005).

[9]Docket No. 13, at 2-14.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Rule 56(f) Request for Continuance of Defendant's Motion for Summary Judgment (Docket No. 15) is GRANTED. Plaintiff shall have until August 27, 2010, to file a response to Defendant's Motion for Summary Judgment. Defendant may file a reply by September 10, 2010.

The hearing set for August 19, 2010, is STRICKEN.

DATED   July 27, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge